UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID J. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-78-PLC |
| | ) | |
| DR. RUANE STAMPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed the motion and the financial information submitted in support, the Court grants the motion, and assesses an initial partial filing fee of $1.50. *See* 28 U.S.C. § 1915(b)(1). Furthermore, for the reasons discussed below, the Court orders Plaintiff to submit an amended complaint.

### 28 U.S.C. § 1915(b)(1)

28 U.S.C. § 1915(b)(1), provides that a prisoner who files a civil action in forma pauperis must pay the full amount of the filing fee. If a prisoner has insufficient funds in his or her prison account to pay the entire fee, a court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner must pay on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner forwards the monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, Plaintiff submitted an inmate account statement showing an average monthly balance of $7.50. The Court therefore assesses an initial partial filing fee of $1.50, twenty percent of Plaintiff's average monthly balance.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), requires the Court to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), a court accepts well-pleaded facts as true. Furthermore, a court liberally construes the allegations in the complaint.

**The Complaint**

Plaintiff, an inmate at Moberly Correctional Center, filed this action under 42 U.S.C. § 1983 against defendants Corizon Health Care (the medical services provider for the Missouri Department of Corrections) and Dr. Ruane Stamps (a medical doctor employed by Corizon). According to Plaintiff, defendants failed to provide him with competent health care when they delayed the treatment of a small knot on his throat and as a result of the delay, the knot grew into a 7 inch cancerous mass that had to be surgically removed. Plaintiff alleges Corizon did not

provide tests and treatment in a timely manner and that Dr. Stamps took too long to appropriately address his medical problems given his history of neck cancer. Plaintiff alleges that the delay in treatment, and the fact that Dr. Stamps required him to attend school the day after surgery, caused him pain and suffering. Plaintiff also claims that having surgery in the doctor's office – so that defendants could save money – caused him pain and suffering. Plaintiff alleges that he would not be dying of terminal cancer if he had received medical care in a timely manner. For relief, Plaintiff seeks 2.5 million dollars and attorneys' fees.

## Discussion

Plaintiff filed suit against both defendants solely in their official capacities: To state a claim against either a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The complaint does not contain any allegations that a policy or custom of Corizon caused the alleged violations of Plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against the defendants in their official capacities.

However, because of the serious nature of the allegations of the complaint, the Court declines to dismiss the complaint at this time. Instead, the Court provides Plaintiff the opportunity to file an amended complaint. Plaintiff shall have twenty-one (21) days from the date of this Order to file an amended complaint on a court-provided form. The Court reminds Plaintiff that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so Plaintiff must include in the amended complaint each claim he wishes to pursue. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). The Court deems abandoned, claims from the original

complaint that are not included in the amended complaint. Abandoned claims will not be considered. *Id.*

Conclusory allegations in the complaint are not permitted. Instead, Plaintiff must plead facts that demonstrate each defendants' personal involvement or directly responsibility for the alleged harm. If Plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.

Plaintiff's claims should be clearly set forth in the "Statement of Claim." If Plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

### Appointment of Counsel

Finally, the Court denies Plaintiff's motion for appointment of counsel without prejudice. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) a plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) a plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to a plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved in Plaintiff's case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $1.50 within **twenty-one (21) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff shall submit an amended complaint on a court-provided form no later than **twenty-one (21) days** from the date of this Order.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Court shall mail to Plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED without prejudice**.

                                              */s/ Patricia L. Cohen*
                                              PATRICIA L. COHEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of January, 2019