UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID J. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-78 PLC |
| | ) | |
| DR. RUANE STAMPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on *pro se* Plaintiff David Baker's amended complaint. On January 8, 2019, the Court granted Plaintiff leave to proceed *in forma pauperis*, and ordered him to: (1) pay an initial partial filing fee and (2) submit an amended complaint. ECF No. 6. The Court stated it would review the amended complaint pursuant to 28 U.S.C. § 1915. After the Court granted Plaintiff two extensions of time, he filed the amended complaint. *See* ECF Nos. 8, 10, & 11. Plaintiff also moves for the appointment of counsel. ECF No. 12. Upon reviewing the amended complaint and considering the relevant circumstances, the Court will appoint counsel under 28 U.S.C. § 1915(e)(1), and provide a deadline for Plaintiff's counsel to submit a second amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true. *See*, *e.g., White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam) (in reviewing a dismissal of a *pro se* prisoner's complaint under § 1915, a court takes the facts "in the light most favorable to the plaintiff, and all well-pleaded [factual] allegations are considered as true"). Furthermore, the Court liberally construes the allegations in a *pro se* complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

**The Complaint**

Plaintiff, an inmate at Moberly Correctional Center ("MCC"), brings this action under 42 U.S.C. § 1983 against two defendants: Corizon Health Care ("Corizon"), the medical services provider for the Missouri Department of Corrections ("MDOC"), and Dr. Ruane Stamps, a medical doctor employed by Corizon. Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs by intentionally denying or delaying his access to medical treatment in violation of the Eighth Amendment. According to Plaintiff, as a result of Defendants' inadequate response to and delayed treatment of his health complaints – especially in light of his medical history – he now has terminal throat cancer. Plaintiff asserts that, when he first sought medical care at MCC, he had just a small "peanut size" knot on his neck or throat area. ECF No. 11 at 4. However, by the time he eventually had surgery, a 7-inch cancerous mass was removed from his throat and his prognosis is now terminal. *Id.* at 4-5.

Plaintiff alleges Dr. Stamps was aware of his history of cancer but she waited too long before starting treatment for cancer because she was trying to save money "for the Regional Office." *Id.* at 3. Plaintiff also complains that, after the surgery to remove the throat mass, Dr. Stamps would not give him "lay-in from school." *Id.*

Plaintiff alleges Corizon "did not and will not have any doctor that will order [a] test that they know cost[s] a lot of money." *Id.* at 4. Plaintiff asserts that, if Corizon had not delayed approving the medical tests necessary to discover the recurrence of his cancer, he might be "looking at a longer life." *Id.* According to Plaintiff, as a result of Corizon not approving the "three (3) Test[s] in a timely manner," his cancer is terminal – "[i]n other words they gave [him] the death sentence." *Id.* at 4 & 5.

Plaintiff complains of losing his voice, a throbbing and aching discomfort, pain all the time, distress of body and mind, and a shorter life expectancy. For relief, Plaintiff seeks monetary damages.

**Discussion**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from deliberate indifference to their serious medical needs. *Luckert v. Dodge Cty.*, 684 F.3d 808, 817 (8th Cir. 2012). To survive initial review, a plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. Nor will a prisoner's "mere disagreement with treatment decisions" support a claim of deliberate indifference to a prisoner's serious medical needs. *Jones v. Minnesota Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

Instead, a prisoner plaintiff must allege that he suffered objectively serious medical needs and that the defendants actually knew of, but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011). A prisoner may show a deliberate indifference through an intentional delay in or denial of access to medical care. *Estelle*, 429 U.S. at 104-05.

When a delay in treatment is alleged to have violated an inmate's constitutional rights, a court measures the objective severity of the deprivation "by reference to the *effect* of the delay in treatment." *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016) (internal quotation marks omitted) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)). To support a claim based on a delay in treatment, a plaintiff must present "verifying medical evidence" showing that the delay in treatment had detrimental effects. *Id.* at 1120. *See also Holden*, 663 F.3d at 342 ("[a] prisoner alleging a delay in treatment must present verifying medical evidence that . . . [the] delays adversely affected his prognosis"); *Spann v. Roper*, 453 F.3d 1007, 1008-09 (8th Cir. 2006) (per curiam) (remanding after concluding it was "incongruous" that the district court denied the prisoner plaintiff's "motion for an expert witness and then granted summary judgment in part based on [the prisoner plaintiff's] failure to provide verifying medical evidence that the delay [in medical treatment] had detrimental effects"); *accord Alberson v. Norris*, 458 F.3d 762, 765-66 (8th Cir. 2006) ("Where the complaint involves treatment of a prisoner's sophisticated medical condition, expert testimony is required to show proof of causation").

According to Plaintiff's allegations, Dr. Stamps had knowledge of Plaintiff's history of cancer when Plaintiff presented to her with a small knot on his throat, and Dr. Stamps chose not to treat it as cancer. Plaintiff's eventual throat cancer diagnosis and the removal of a 7-inch mass

from his throat constitute a serious medical need. A terminal cancer prognosis may plausibly constitute a severe detrimental effect of a delay in treatment.

Additionally, through a liberal construction of Plaintiff's allegations against Corizon, Plaintiff asserts that Corizon has a policy of considering financial savings more important than patient treatment by not approving expensive medical tests in a timely manner and not employing doctors who will order such tests. In essence, this plausibly presents a claim of deliberate indifference to a prisoner's serious medical needs. Plaintiff alleges that the denial of the "three (3) test[s] in a timely manner" resulted in his terminal cancer diagnosis because, if such tests had been performed earlier, the cancer would have been found and his prognosis would not be terminal. Plaintiff's amended complaint, liberally construed, plausibly sets forth Eighth Amendment claims against both Defendants for their deliberate indifference to Plaintiff's serious medical needs.

Plaintiff moves for the appointment of counsel. When deciding, under 28 U.S.C. § 1915(e)(1), whether to "request an attorney to represent any person[, who is a litigant in a civil case and] unable to afford counsel," a district court must consider "the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). In *Ward*, the Eighth Circuit stated it accords a district court "a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants," and further characterized that discretion as "considerable." Id. at 942, 943.

Plaintiff's amended complaint states serious allegations presenting a reasonable inference and plausible claim that delay in Dr. Stamps' care of a lump in Plaintiff's throat and Corizon's policy regarding medical testing constitute deliberate indifference to Plaintiff's serious medical

needs in violation of the Eighth Amendment. Plaintiff will need to present medical evidence to support his delay-in-treatment claim. Additionally, Plaintiff's grievance and the MCC's response regarding the challenged medical care, which is reflected in materials attached to the amended complaint, reflect a conflict in the parties' positions. Due to the factual and legal complexity of the underlying issues, the probable existence of conflicting testimony, and Plaintiff's need for assistance to investigate and support his claims, the Court concludes the appointment of counsel for Plaintiff under 28 U.S.C. § 1915(e)(1) is reasonable under the circumstances.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 12] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to appoint Plaintiff counsel pursuant to the Court's Plan for the Appointment of Pro Bono Counsel. A separate Notice of Appointment of Pro Bono Counsel shall be entered by the Clerk. The Clerk of Court shall provide a complete copy of the court file to Plaintiff's appointed counsel at no cost.

**IT IS FURTHER ORDERED** that appointed counsel shall file a second amended complaint within sixty (60) days after the Clerk provides a copy of the court file to counsel.

**IT IS FURTHER ORDERED** that the Court shall review the second amended complaint in accordance with 28 U.S.C. § 1915.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　PATRICIA L. COHEN
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of April, 2019