UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID J. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-78 PLC |
| | ) | |
| DR. RUANE STAMPS and CORIZON HEALTH CARE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of Plaintiff David Baker's second amended complaint under 28 U.S.C. § 1915. For the reasons stated below, the Court will direct Plaintiff to file a written supplement to his complaint, in which he simply states the capacity in which he is suing each of the named defendants.

Plaintiff, an inmate at Moberly Correctional Center ("MCC"), initiated this action with a *pro se* complaint brought under 42 U.S.C. § 1983 against defendants Corizon Health Care and Dr. Ruane Stamps. On January 8, 2019, Plaintiff was granted leave to proceed *in forma pauperis* but the Court found that Plaintiff's complaint failed to state a claim upon which relief could be granted because the defendants were named in their official capacities only. The Court allowed *pro se* Plaintiff to cure these pleading deficiencies by filing an amended complaint. Plaintiff filed his amended complaint on March 4, 2019, naming both defendants in their individual and official capacities. On April 9, 2019, the Court granted Plaintiff's second motion for appointment of counsel and directed appointed counsel to file a second amended complaint within sixty (60) days of receiving the court file. The Court also stated that, once filed, the second amended complaint would be reviewed in compliance with 28 U.S.C. § 1915. Counsel was appointed for Plaintiff on May 6, 2019, and the second amended complaint was filed on August 8, 2019. The second

amended complaint names the same two defendants – Dr. Ruane Stamps and Corizon Health Care – but is silent as to what capacity the claims are brought against them.

Because of the history of this case and the pro bono appointment of counsel, the Court instructs Plaintiff to clarify in what capacity his claims are brought against defendants. Plaintiff shall file a written supplement to his second amended complaint, in which he simply states the capacity (i.e., official capacity, individual capacity, or both individual and official capacities) in which he is suing each of the named defendants. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) (to sue a state actor in his or her individual capacity, "a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the second amended complaint at this time.

**IT IS FURTHER ORDERED** that Plaintiff shall file a written supplement to his second amended complaint within **fourteen (14) days** from the date of this Order, stating whether he is suing the named defendants in their official capacities, individual capacities, or both individual and official capacities, in accordance with the specific instructions set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's failure to supplement his complaint in accordance with this Court's instructions could result in the dismissal of this action, without prejudice and without further notice to him.

                                            PATRICIA L. COHEN
                                            UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of August, 2019