UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID J. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-78 PLC |
| | ) | |
| DR. RUANE STAMPS and CORIZON HEALTH CARE, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of Plaintiff David Baker's second amended complaint under 28 U.S.C. § 1915(e)(2). The Court granted Plaintiff leave to proceed *in forma pauperis* and appointed counsel to represent Plaintiff. The Court directed Plaintiff's counsel to file a second amended complaint and stated that the Court would review the second amended complaint in compliance with 28 U.S.C. § 1915. *See* ECF No. 14 at 6. Appointed counsel filed a second amended complaint, along with a supplement specifying the capacity in which Plaintiff sues each Defendant. *See* ECF Nos. 19 & 21. At this stage, the Court finds that the second amended complaint sufficiently states a claim under 42 U.S.C. § 1983 against both named Defendants for their allegedly deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. Therefore, the Court directs summons to issue on the second amended complaint as to both Defendants. *See* 28 U.S.C. § 1915(d).

**Legal Standard on Initial Review**

Under § 1915(e)(2), a court dismisses a complaint filed *in forma pauperis* if upon initial review the complaint is found frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals

of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When reviewing a complaint under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true. *See*, *e.g., White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam) (in reviewing a dismissal under § 1915, a court takes the facts "in the light most favorable to the plaintiff, and all well-pleaded [factual] allegations are considered as true").

## The Second Amended Complaint

Plaintiff, an inmate at Moberly Correctional Center ("MCC"), brings this action under 42 U.S.C. § 1983 against two Defendants: Corizon Health Care ("Corizon") (the medical services provider for the Missouri Department of Corrections including MCC) and Dr. Ruane Stamps (who is employed by Corizon as a licensed physician and the medical director at MCC). The supplement to the complaint clarifies that Plaintiff sues Defendants in their individual capacities.

Plaintiff was diagnosed with throat cancer in 2014 and received radiation treatment. The cancer went into remission. The treating physician recommended a follow-up appointment in six months. However, a month later, Plaintiff discovered a peanut-sized lump in his neck. Plaintiff reported the lump to Defendant Dr. Stamps in November 2017. As a result, Dr. Stamps ordered a fine needle aspiration ("FNA") and ultrasound. The FNA showed no malignancy. After the FNA and ultrasound, Dr. Stamps concluded that the lump was "necrosis and calcified debris" – not cancer.

The lump in Plaintiff's neck continued to grow. In January 2018, Plaintiff again saw Dr. Stamps about the lump. Dr. Stamps noticed at that time that Plaintiff's left tonsil was more pronounced. In February 2018, Dr. Stamps ordered a computed tomography ("CT") scan for Plaintiff. In March 2018, Dr. Stamps ordered an excisional biopsy that occurred the following month. By the time the biopsy took place, Plaintiff's lump had grown to seven inches in size. A direct laryngoscopy and biopsy "showed metastatic moderately differentiated squamous cell carcinoma, meaning the cancer in [Plaintiff]'s neck was spreading." Plaintiff was informed that the mass was inoperable.

After the diagnosis, it took over a month for Corizon to approve chemotherapy treatment for Plaintiff, which eventually started in June 2018. However, by June 2019, the chemotherapy was found ineffective and discontinued. Plaintiff was recently told he has approximately six months to live.

Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs by intentionally denying or delaying his access to appropriate medical treatment in violation of the Eighth Amendment. Plaintiff asserts that when he first reported the lump in his throat, instead of the FNA and ultrasound, the appropriate course of treatment should have been "a [CT] scan, a direct laryngoscopy, or an excisional biopsy of the lump" due to his history of throat cancer. Plaintiff states that Defendants chose the FNA because it is a "far less expensive" medical procedure. In addition, Plaintiff asserts that his excisional biopsy was delayed over a month so that Defendants could "locate a doctor who would perform the biopsy in the[ doctor's] office under local anesthesia." According to Plaintiff, Corizon "makes it known to [its] doctors to choose less expensive treatments without regard for the most effective treatment."

Generally, Plaintiff alleges that Defendants' inadequate response to and delay of treatment of his health complaints – especially in light of his medical history – detrimentally affected his

health and resulted in a terminal throat cancer prognosis. For his claim against Dr. Stamps, Plaintiff alleges she was deliberately indifferent to Plaintiff's serious medical needs by refusing to treat Plaintiff to the best of her ability in an effort "to save money." Specifically, Plaintiff alleges that, in addition to delaying treatment, Dr. Stamps knew of Plaintiff's throat cancer history, knew or should have known "that an FNA is not as reliable as an excisional biopsy," and "elected to order the less expensive, but less effective FNA to save money for Corizon." With respect to his claim against Corizon, Plaintiff alleges Corizon's "policies and procedures seek to force doctors to recommend less expensive procedures to save money." Plaintiff seeks compensatory and punitive damages, along with attorneys' fees and costs, from both Defendants.

## Discussion

The Eighth Amendment's prohibition on cruel and unusual punishment protects a prisoner from deliberate indifference to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Therefore, "[d]eliberate indifference to a prisoner's serious illness or injury states a cause of action" under Section 1983. *Id.* at 105. Importantly, allegations of mere negligence in giving or failing to supply medical treatment will not suffice under § 1983. *Id.* at 106. Nor will a prisoner's "mere disagreement with treatment decisions" support a claim of deliberate indifference to a prisoner's serious medical needs. *Jones v. Minnesota Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008) (internal quotation marks and citation omitted).

To establish a claim of deliberate indifference to a prisoner's serious medical needs under § 1983, a plaintiff "must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th

Cir. 2011) (internal quotation marks and citation omitted). A prisoner may show a defendant acted with deliberate indifference by showing the defendant engaged in intentional delay in or denial of the prisoner's access to medical care. *Estelle,* 429 U.S. at 104-05. When a prisoner claims a delay in treatment violates his constitutional rights, the objective severity of the deprivation is measured "by reference to the *effect* of the delay in treatment." *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016) (emphasis in original) (internal quotation marks omitted) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)).

Importantly, a defendant's "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). According to Plaintiff's allegations, Dr. Stamps had knowledge of Plaintiff's history of cancer when Plaintiff presented with a small knot on his throat. Despite this history, Dr. Stamps allegedly chose to treat Plaintiff's medical problems with less expensive medical procedures and to delay treatment at times to save money, resulting in a terminal prognosis.

With respect to Plaintiff's claim against Corizon, it is well established that a private corporation acting under color of state law will only be held liable under § 1983 when "its own unconstitutional policies" inflict actionable injury. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Under § 1983, a private corporation acting under color of state law is not liable for the actions of its employee based on a *respondeat superior* theory of liability. *Id.* at 976. Rather, to state a claim against Corizon, Plaintiff must allege that a policy or custom of Corizon inflicted injury actionable under § 1983. *Id. (*citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978)). A "policy" for purposes of § 1983 is "a deliberate choice of a guiding principle or procedure made by an official with authority." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Plaintiff alleges that Corizon has a policy of cost-saving measures that have delayed and/or denied him access to adequate medical care, resulting in a terminal prognosis.

Accepting Plaintiff's allegations as true for purposes of the initial review under Section 1915(e)(2), Plaintiff's § 1983 claim against both Defendants is facially plausible. *See, e.g.*, *Burke v. North Dakota Dep't of Corr. and Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002) (per curiam) (finding that, for purposes of § 1915, a prisoner stated a claim against a corporate medical services provider for a state department of corrections when the prisoner alleged, in relevant part, that the provider's "treatment protocol . . . [was] damaging his health in violation of his Eighth Amendment rights"); *Allard v. Baldwin, M.D.*, 779 F.3d 768, 772 (8th Cir. 2015) (noting "a doctor's decision to take an easier and less efficacious course of treatment" may constitute deliberate indifference). Therefore, the Clerk shall issue process on Plaintiff's second amended complaint against both Defendants.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that, pursuant to the service agreement the Court maintains with Corizon, the Clerk of Court shall issue process or cause process to issue upon the second amended complaint with respect to Plaintiff's § 1983 claim that Defendants Dr. Ruane Stamps and Corizon Health Care acted with deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

_____<br>
PATRICIA L. COHEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of October, 2019